# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>*ex rel*.<br><br>[UNDER SEAL]<br><br>*Plaintiffs-Relators*,<br><br>v.<br><br>[UNDER SEAL]    ,<br><br>*Defendants*. | Case No.  2:20-cv-01223-DCN<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT**<br><br>**Filed Under Seal pursuant to the False Claims Act, 31 U.S.C. § 3730, *et seq.*** |

**FILED IN CAMERA AND UNDER SEAL**

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Case No. 2:20-cv-01223-DCN |
| *ex rel.* | JURY TRIAL DEMANDED |
| Sharon Joyce, | COMPLAINT |
| *Plaintiff-Relator*, | Filed Under Seal pursuant to the False Claims Act, 31 U.S.C. § 3730, *et seq.* |
| v. | FILED UNDER SEAL |
| Global Office Furniture, LLC., Malcolm E. Smith, | |
| *Defendants*. | |

**I.     INTRODUCTION**

1. Beginning 2018, Defendants started importing office chairs from China to be marketed under Amazon's brand AmazonBasics.

2. Defendants, imported, warehoused and drop shipped the chairs directly to consumers.

3. In the summer of 2019, the United States raised tariffs for items imported from China by 15%.

4. Unable to absorb the additional cost of the tariffs and Amazon's unwillingness to raise the price, the Defendants conspired with the Chinese manufacture to submit false documents designed to unlawfully avoid the U.S. tariffs.

## II. JURISDICTION

5. Sharon Joyce brings this action on behalf of herself and the UNITED STATES pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729 et seq. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732.

6. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. 3732(a) and because Defendants transact business in this District, live in this District, and/or numerous acts prohibited by 31 U.S.C. § 3729 occurred in this district.

7. Venue is proper in this District pursuant to 31 U.S.C. 3732(a) and because Defendants transact business in this District and numerous acts prohibited by 31 U.S.C. § 3729 occurred in this district.

8. Ms. Joyce's claims and this Complaint are not based upon prior public disclosures of allegations or transactions in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party as provided in 31 U.S.C. § 3730(e)(4)(A). To the extent that there has been a public disclosure unknown to Plaintiff-Relator, he is the "original source" and the public disclosure is a result of Plaintiff-Relator voluntarily providing this information to the UNITED STATES prior to filing this *qui tam* action. 31 U.S.C. § 3730(e)(4)(B).

## III. PARTIES

9. The Relator, Sharon Joyce, is the former office manager for Global Office Furniture, LLC. She worked out of its Conway, S. C. location.

10. Relator began working at Global Office Furniture, LLC. January 30, 2017.

11. Relator rose to the position of Vice President of Operations prior to her leaving Global Office Furniture, LLC.

12. Relator is familiar with Global Office Furniture, LLC's business operations.

13. She had access to many of the company's documents. She is also familiar with the company's interaction with Amazon and the Chinese manufacturer of the chairs, Global Furniture Zhejiang.

14. Defendant, Malcolm Smith, owns Global Office Furniture, LLC. He is also the U.S. sales representative for Global Furniture Zhejiang, Chinese manufacturer of the office chairs.

15. Global Office Furniture, LLC is a South Carolina corporation owned by Defendant, Malcolm Smith.

16. Global Office Furniture imports the chairs from Global Furniture Zhejiang in China, warehouses the chairs then drop ships the chairs on behalf of Amazon.

## IV. BACKGROUND FACTS

17. Malcolm Smith is the American sales agent for Global Furniture Zhejiang, the factory that manufactures office chairs in China.

18. Amazon initially purchased Global Furniture Zhejiang, through Malcolm Smith, and imported the chairs to its distribution centers in the United States.

19. Amazon sold the Global Furniture Zhejiang office chairs on its website under its brand name, AmazonBasics.

20. Mac Smith incorporated Global Office Furniture, LLC in 2013.

21. Global Office Furniture dropped shipped office chairs manufactured by Global Furniture Zhejiang prior to the fall of 2018.

22. In the spring and summer of 2018, Global Office furniture through Malcolm Smith, negotiated with Amazon to provide import, warehouse and drop ship services for Amazon's AmazonBasic office chairs.

23. In the fall of 2018, Global Office Furniture, LLC began drop shipping AmazonBasics chairs for Amazon.

24. In the fall/winter 2018/2019, Global Office Furniture chose Rogers & Brown out of Charleston to be the freight forwarder for the increased Amazon business.

25. In the fall of 2018, Amazon still had inventory that it was also drop shipping from its Distribution Centers.

26. By March or April, 2019, Global Office Furniture was the sole drop shipper for 4 of AmazonBasic chairs.

27. In April 2019, Global Office Furniture changes to JAS International as its freight forwarder.

28. By May 2019, Global Office Furniture is drop shipping many of AmazonBasics office chairs.

V. **FACT SUPPORTING FRAUD (The Scheme)**

29. In the spring of 2019, President Trump announced that the United States would impose an additional 15% on products imported from China.

30. Global Office Furniture, LLC, through Malcolm Smith, conspired with Global Furniture Zhejiang to avoid the new United States tariffs, and most of the old tariffs.

31. Global Office Furniture, LLC would send a purchase order to Global Furniture Zhejiang showing the quantity and price for the chairs. Exhibit 1.

32. In response, Global Furniture Zhejiang sends an invoice for an adjusted number of chairs based upon shipping considerations and the price of each chair.  Exhibit 2.

33. Global Office Furniture, LLC affirms the order and the chairs are shipped from Global Furniture Zhejiang in China to Global Office Furniture in Conway, South Carolina.  Exhibit  2.

34. Global Office Furniture, LLC is the importer.  JAS is the Designated Export Forwarding Agent under a Power of Attorney from Global Office Furniture, LLC.  Exhibit 3.

35. The required bill of lading is prepared by Global Furniture Zhejiang and accompanies the chairs throughout the shipping process.

36. The bill of lading shows the number of chairs and the price of the chairs.  Exhibit  4 .

37. The price of the chairs shown on the bill of lading is ½ the price shown on the invoice from Global Furniture Zhejiang.

38. Global Office Furniture pays Global Furniture Zhejiang the amount of the original invoice, approximately twice the amount stated on the bill of lading.

39. Customs uses the bill of lading in calculating the value of the goods for the purpose of determining the amount of tariff to charge the importer.

40. Global Office Furniture was able to avoid approximately 50% of the tariffs owed to the United States after the 15% increase in the summer of 2019.  Exhibit 5.

VI.    STATUTES

   A.  FALSE CLAIMS ACT (31 U.S.C. 3729 et.seq.)

41. Under the False Claims Act "[A]ny person who—. . .

**(B)** knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

**(C)** conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

**(D)** has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

**(G)** knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410 [1]), plus 3 times the amount of damages which the Government sustains. . ."

  B.  TARIFF ACT OF 1930

42. Failure to pay tariffs as provided by law is a breach of 19 U.S.C. §1862, which provides in pertinent part as follows:

" GENERAL RULE Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence—

**(A)** may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—

   **(i)** any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or

   **(ii)** any omission which is material, or

**(B)** may aid or abet any other person to violate subparagraph **(A).**

**VII.    COUNT I (Conspiracy to Violate the False Claims Act 31 U.S.C. 3729 and The Tariff Act of 1930, 19 U.S.C. §1862 )**

43. The Relator repeats and re-alleges the allegations contained in all paragraphs above, as if fully set forth herein.

44. Defendant, Smith on behalf of Global Office Furniture, conspired with the representative of Global Furniture Zhejiang to create false bill of ladings in order to avoid paying tariffs.

45. The false bill of ladings allowed Global Office Furniture to avoid paying lawful tariffs of the United States.

46. The false bill of ladings were material to the United State's determination of the amount of tariff calculated on the chairs Global Office Furniture imported from Global Furniture Zhejiang.

## IX. PRAYER

The Relator, on behalf of herself and the United States of America prays for judgment against the Defendant as follows:

    a. As to the False Claims Act, 31 U.S.C. §§ 3729(b), (c), (d) and (g) causes of action, against Defendants for treble the amount the United States' single damages to be proven at trial, plus civil penalties as are required by law in the amount of $11,181 and not more than $22,363 per violation of the False Claims Act, post-judgment interest, costs, and such other relief as may be necessary and proper;

    b. Reasonable attorney fees; and

    c. Such other relief as the Court deems just, necessary and proper.

Respectfully submitted,

**s/Fran Trapp**
Fran Trapp (Federal ID No. 6376)
fran@billnettleslaw.com
2008 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 814-2826

**s/Bill Nettles**
Bill Nettles (Federal ID No. 6586)
bill@billnettleslaw.com
2008 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 814-2826

March 30, 2020
Columbia, South Carolina